## In re WORK'S ESTATE.

(Supreme Court, Appellate Division, First Department.   June 28, 1912.).

1. WILLS (§ 211*)—PROBATE—EFFECT—COLLATERAL ATTACK.

Under Code Civ. Proc. § 2621a, authorizing a person claiming an interest in a decedent's estate to present a petition against persons suspected of destroying or concealing a will or other testamentary instrument, whereupon the court must issue a citation ordering such persons to produce the instrument or show cause why it should not be produced, a proceeding in which the petitioner alleges the concealment of a codicil to a will previously admitted to probate is not an attack on the probate decree, which is unaffected until directly attacked, and may be instituted notwithstanding such decree.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 518; Dec. Dig. § 211.*]

2. WILLS (§ 211*)—ESTABLISHMENT OF LOST OR DESTROYED WILLS—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 2621a, providing that, on the return of a citation issued by the surrogate directed to a person suspected of concealing a will or codicil, the court may order the suspected person to appear for examination, the court may on the return of the citation refuse to proceed further, unless the petitioner shows some ground or reason for his suspicion that a codicil is being concealed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 518; Dec. Dig. § 211.*]

Appeal from Order of Surrogate, New York County.

Proceeding for the discovery of a codicil to the will of Frank Work, deceased, alleged to be suppressed and concealed. From an order dismissing the petition, the petitioner appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Daniel P. Hays, of New York City, for appellant.

Henry B. Closson, of New York City, for respondent.

MILLER, J. The petition in this case stated on information and belief that on the 29th of April, 1911, a will of real and personal property, together with 15 codicils thereto, was admitted to probate as and for the last will and testament of Frank Work, deceased, that there were several other codicils made subsequently to the last one admitted to probate, making a different disposition of the decedent's property, which certain persons named and others "have fraudulently conspired to suppress and conceal and have suppressed and concealed," and that the petitioner is advised and verily believes that, if said other codicils were produced, he would be entitled to an interest in the estate of said decedent. Upon that petition a citation was issued, and, upon the return of the citation, the surrogate dismissed the proceeding on the ground that he had no power to entertain the proceedings so long as the probate decree stood.

Said section 2621a, so far as material, provides:

"A person claiming to be interested in the estate of a decedent may present a petition under oath to a Surrogate's Court, against any one or more persons

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suspected of destroying, retaining, concealing or conspiring with others to destroy, retain or conceal a will or testamentary instrument of the decedent, and the court thereupon must issue a citation, directed to such person or persons, ordering the production of the will or testamentary instrument or show cause why it should not be produced. On the return of the citation, the court may order the suspected person or persons, to appear before it and be examined on oath upon the matter of the petition."

[1] We think that the learned surrogate was justified in dismissing the proceedings, but not for the reason assigned by him. This proceeding is not an attack upon a probate decree, and we think it may be instituted, irrespective of whether there has been such a decree. If a subsequent alleged will or codicil should be discovered, the probate decree would remain unaffected until a direct attack upon it should be made. The fact that such an attack might be made if the petitioner should attain his purpose in this proceeding constitutes no objection to the maintenance of it.

[2] However, it will be observed that the language of the statute is, "on the return of the citation, the court may order the suspected persons," etc. While the petition may have been sufficient to justify the issuance of a citation, the surrogate was not required to proceed further, upon objection being made, unless the petitioner showed some ground or reason for the suspicion that there were other codicils, and that, if they were produced, it would appear that he was entitled to an interest in the estate.

For that reason, the order is affirmed, with costs. All concur.