In the Matter of the Application of MOHAWK OVERALL COMPANY et al., Appellants, to Have Vacated and Set Aside a Subpœna.

HOOKER, CORSER & MITCHELL COMPANY, Respondent.

Appeal — proceeding for taking deposition within the state for use without the state a special proceeding — order denying motion to vacate subpœna duces tecum a final order, appealable as a matter of right — search and seizure clause of Federal Constitution and State Bill of Rights not intended to interfere with power of courts to compel production of documentary evidence.

1. A proceeding for the purpose of taking a deposition within this state for use without this state under article III of title 3 of chapter 9 of the Code of Civil Procedure is expressly denominated a special proceeding in the Code of Civil Procedure (§ 914). An order denying a motion to vacate a *subpœna duces tecum*, issued under section 915, operates as a final adjudication to the effect that the petitioner is entitled to take the desired deposition. Hence such an order is a final order in a special proceeding from which the party aggrieved is entitled to appeal as a matter of right. (*Matter of Morris & Cummings Dredging Co.*, 209 N. Y. 588, distinguished.)

2. The search and seizure clause of the Fourth Amendment of the Federal Constitution was not intended to interfere with the power of courts to compel, through a *subpœna duces tecum*, the production, upon a trial in court, of documentary evidence, and the same observation applies with equal force to the search and seizure clause of the New York Bill of Rights. (Civil Rights Law, Cons. Laws, ch. 6, § 8.)

*Matter of Mohawk Overall Co.*, 156 App. Div. 879, affirmed.

(Argued February 24, 1914; decided March 17, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 19, 1913, which affirmed an order of Special Term denying a motion to vacate a *subpœna duces tecum* issued under section 915 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*William Dewey Loucks* for appellants. The *subpœna duces tecum*, in the case, is a violation of the United States Constitution and likewise of the Civil Rights Law of the state of New York. (U. S. Const., 4th amend.; L. 1909, ch. 14, § 8; *Boyd* v. *United States*, 116 U. S. 616; *Hale* v. *Henkel*, 201 U. S. 43.)

*C. J. Vert* for respondent. The appellants have no standing in this court in the attempt to urge a violation of the Civil Rights Law of the state of New York, and the Fourth Amendment to the Constitution of the United States has no application here. (*Quinlan* v. *Welch*, 141 N. Y. 158; *Post* v. *Railway Co.*, 125 N. Y. 697; *Martin* v. *Home Bank*, 160 N. Y. 199; *Dr. David Kennedy Co.* v. *Kennedy*, 165 N. Y. 362; *Crapo* v. *City of Syracuse*, 183 N. Y. 402; *Ohio* v. *Dillson*, 194 U. S. 447; *Bolln* v. *Nebraska*, 176 U. S. 87; *Brown* v. *New Jersey*, 175 U. S. 174; *Brown* v. *Walker*, 161 U. S. 606; *Murphy* v. *People*, 2 Cow. 815; *Jackson* v. *Wood*, 2 Cow. 819; *Livingston* v. *New York*, 8 Wend. 85.) The *subpœna duces tecum* is not unreasonable and is not a violation of the United States Constitution or the Civil

Rights Bill of the state of New York. (*Nelson* v. *United States*, 201 U. S. 92; *Consolidated Rendering Co.* v. *Vermont*, 207 U. S. 541; *Wilson* v. *United States*, 221 U. S. 361.)

WILLARD BARTLETT, Ch. J.   We think that this order is appealable.   The proceeding was instituted by petition for the purpose of taking a deposition within this state for use without this state under article III of title 3 of chapter 9 of the Code of Civil Procedure (sections 914 to 919 inclusive). · It is expressly denominated a special proceeding in the Code of Civil Procedure itself (§ 914).   The order denying the motion to vacate the subpœna operated as a final adjudication to the effect that the petitioner was entitled to take the desired deposition.   This disposed of the matter so far as the action of the New York court was concerned.   Hence the order was a final order in a special proceeding from which the party aggrieved was entitled to appeal as a matter of right.   The case is readily distinguishable from *Matter of Morris & Cummings Dredging Co.* (209 N. Y. 588) where the order sought to be reviewed denied an application to vacate certain *subpœnas duces tecum* issued in an accounting before a referee in the Surrogate's Court.   There the appeal was dismissed on the ground that the order was merely incidental to a trial before a referee in an unfinished proceeding pending in a court of this state and was, therefore, not a final order; while here, as has been pointed out, an order upholding a subpœna to obtain evidence to use in another state, like an order vacating it, finally disposes of the special proceeding to procure such evidence so far as the courts of this state are concerned in the matter.

The litigation in which the testimony of the appellants is desired is pending in the Windham County Court of Chancery in Vermont.   In that litigation a master in chancery has been directed by the chancellor to take evidence for the purpose of ascertaining the damages sus-

tained by the complainants; and to this end the Vermont court has issued a commission to a commissioner in Washington county in this state to take the deposition of the appellants. The complainant in the Vermont suit thereupon presented a petition to a justice of the Supreme Court of this state in the fourth district, praying the issuance of a subpœna in accordance with the terms of the commission, under section 915 of the Code of Civil Procedure. The Supreme Court justice thereupon issued a subpœna requiring the attendance of the appellants as witnesses before the commissioner at Schenectady, and directing them to produce at the hearing all the original books of the Mohawk Overall Company containing charges or accounts for manufactured products of that corporation against the persons named in a list attached to the subpœna for a period of three years; and also all correspondence between the corporation and such persons, in any way relating to the sales of such manufactured products during the same period. The list attached to the subpœna is printed on pages 13 to 87 of the appeal book and names 2,176 persons, firms and corporations doing business in various states of the Union and in Canada. The Mohawk Overall Company is a corporation which, according to the allegation of the complainants in the Vermont equity suit, was organized by the appellants in the present proceeding as the result of a conspiracy to deprive the complainant — a Vermont corporation — of its business.

The appellants claim to be aggrieved by the burdensome character of this subpœna. The witnesses named therein are the president, vice-president and secretary and treasurer of the Mohawk Overall Company, all of whom are defendants in the Vermont suit. They say that the subpœna requires the production of every possible kind of paper, book or account which the corporation has or has ever had since it commenced business with 2,176 individuals, firms and corporations, located in upwards of forty-five states, territories and countries, including

almost every state in the Union, and England, Canada and Greece. This grievance, however, does not give rise to such a question of law as can be considered by the Court of Appeals. The contention of the appellants in this respect was eminently proper for the consideration of the Supreme Court at Special Term and in the Appellate Division which had power in the exercise of their judicial discretion to modify the subpœna in such respects as fairness to both parties required and permitted. Here, however, in such a case as this we can deal only with questions of law not involving discretion.

The first question of this character presented in behalf of the appellants is the proposition that the *subpœna duces tecum* is a violation of the Fourth Amendment to the Constitution of the United States, namely: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated." As to this point it suffices to say that the first ten amendments to the Federal Constitution have repeatedly been held to be "restraints upon the power of Congress and not restraints upon the power of the states." (See Miller on the Constitution, p. 645.)

A similar provision, however, is to be found in the New York Statutory Bill of Rights, which provides that the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures ought not to be violated (Civil Rights Law, § 8; Laws of 1909, ch. 14); and the operation of this provision is also invoked by the appellants.

In reference to the Fourth Amendment to the Federal Constitution, the Supreme Court of the United States has said: "We think it quite clear that the search and seizure clause of the Fourth Amendment was not intended to interfere with the power of courts to compel, through a *subpœna duces tecum*, the production upon a trial in court, of documentary evidence." (*Hale* v. *Henkel*, 201

U. S. 43, 73, and cases there cited.)    The same observation applies with equal force to the search and seizure clause of the New York Bill of Rights.

There is no ground which would authorize this court to interfere with the order below and it must, therefore, be affirmed, with costs.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Order affirmed.