In the Matter of the Application of MARY E. HARDY, Appellant, for an Order Requiring the Production of the Alleged Last Will of JAMES B. HAMMOND, Deceased. ARTHUR LOPEZ, Respondent.

Special proceeding — will — proceeding to obtain will alleged to have been executed subsequent to the will admitted to probate is a special proceeding — when order of Appellate Division affirming order of surrogate is final order and appealable to Court of Appeals — when petitioner interested in estate sufficiently to maintain proceeding.

1. Where a will of a decedent has been admitted to probate and a proceeding is afterwards commenced in the Surrogate's Court upon the petition of an heir at law asking for an order requiring a certain person to show cause why he should not produce a will alleged to have been executed by decedent, subsequent to the will admitted to probate, which is alleged to be in his possession, such proceeding is an independent special proceeding, and hence an order of the Appellate Division affirming an order of the Surrogate's Court vacating the order to show cause is a final order in such proceeding and is appealable to the Court of Appeals.

2. Decedent, by a will which has been admitted to probate, gave all of his property to the Metropolitan Museum of Art. Subsequently the heirs at law and next of kin of decedent entered into an agreement with the museum by which, in consideration of a certain sum paid to them, they released to the museum all right, title and interest in and to any property of decedent which they had or might have. Thereafter a proceeding was commenced in the Surrogate's Court by a brother of decedent upon a petition asking for an order requiring a designated person to show cause why he should not produce a will alleged to have been executed by decedent, subsequent to the will which had been admitted to probate, which was alleged to be in his possession, and the Surrogate's Court made an order which required the production of the alleged will. This order was reversed by the Appellate Division. Thereafter a sister of decedent filed a petition claiming to be interested in the estate, making substantially like allegations as those made by her brother. Upon this petition she obtained an order requiring such person to show cause why he should not produce the will of decedent alleged to be in his possession. Upon the hearing upon said order and petition

and opposing affidavits, the Surrogate's Court vacated and set aside the order, although petitioner stated that she was prepared to offer additional testimony concerning the existence of said will. The surrogate recited as authority for such decision the opinion of the Appellate Division in the proceeding previously instituted by the brother of the petitioner herein. *Held*, error; that the petitioner was in no way a party to the proceeding commenced by her brother and is not bound by the decision therein; that, although the petitioner is bound by the agreement with the Museum of Art until it is successfully attacked, she is interested in the estate of decedent (Code Civ. Pro. §§ 2607, 2768, subd. 11), her interest being contingent upon the production and probate of the alleged subsequent will and upon the annulment of the contract with the Museum of Art.

*Matter of Hammond*, 168 App. Div. 916, reversed.

(Argued September 27, 1915; decided October 29, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 30, 1915, which affirmed an order of the New York County Surrogate's Court vacating a prior order requiring the respondent to show cause why he should not be required to produce the will of James B. Hammond, deceased, dated December 20, 1912.

The facts, so far as material, are stated in the opinion.

*John L. Wells* for appellant. The appellant is entitled, as a matter of law, to a hearing before the surrogate on the question of fact as to the existence of the later will. (Code Civ. Pro. § 2607; *Matter of Hammond*, 163 App. Div. 877; *Matter of Work*, 151 App. Div. 707; *Fraenznick* v. *Miller*, 1 Dem. 136; *Schmidt* v. *Heusner*, 4 Dem. 275; *Matter of Duffy*, 4 Dem. 366; *Matter of Cowdrey*, 5 Dem. 453; *Matter of Jones*, 5 Dem. 503; *Matter of Kipp*, 17 Misc. Rep. 491.)

*Charles E. Kelley* for respondent. The order for the examination of the respondent, Arthur Lopez, was properly vacated, for the reason that the petitioner is not a

"person interested" in the estate of James B. Hammond. (Code Civ. Pro. § 2607; *Matter of Hammond*, 163 App. Div. 877.)

CHASE, J. One Hammond died January 27, 1913. He left a will dated August 30, 1912, which has been admitted to probate. By such will he gave all of his property, amounting to more than $600,000, either absolutely or in trust, to the Metropolitan Museum of Art. He did not leave a widow, descendant or parent him surviving. His heirs at law and next of kin are brothers and sisters and the children of a deceased sister. There was at the time of the probate of said will "Talk about the decedent having left another will," but the alleged existence of another and subsequent will was denied.

On the 9th of May, 1913, the appellant and her brothers and sisters and the children of said deceased sister entered into an agreement with the Metropolitan Museum of Art by which the museum agreed to pay to them $135,000 in consideration of their transferring to it "All right, title and interest in or claim to any of the property real or personal wherever situated of which the said James B. Hammond died possessed which they or any one or more of them may or might have or claim to have by reason of a contention that the said James B. Hammond died intestate or by reason of any other alleged last will and testament which may appear or be produced in the future." Agreements were thereafter signed by the heirs at law and next of kin of James B. Hammond, deceased, to carry out said agreement of May 9, 1913, and they received said $135,000.

A brother of the decedent on the 10th of April, 1914, presented a petition to the Surrogate's Court asking for an order requiring one Lopez to produce a will alleged to have been executed by said decedent on the 20th day of December, 1912, and to be in the possession of said Lopez, or to show cause why he should not be required

1915.]    Opinion, per CHASE, J.    [216 N. Y.]

to produce said will. An order was granted and testimony was taken in such proceeding after which an order was entered requiring Lopez to produce said will. An appeal was taken therefrom to the Appellate Division where the order was reversed and the application denied. The decision of the Appellate Division is reported in *Matter of Hammond* (163 App. Div. 877). The opinion is *per curiam*, and as follows: "The petitioner has failed to establish that Arthur Lopez had in his possession at the time in question any such paper characterized as a will as the petitioner describes. Furthermore, the petitioner having parted with all his interest in the estate of the decedent, was not a person interested in such estate under section 2621a (now § 2607) of the Code of Civil Procedure. The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion to require said Lopez to produce the paper in question denied, with ten dollars costs."

Thereafter the appellant filed the petition herein and another and similar order was made directed to said Lopez. Lopez in an affidavit which he used with other papers to obtain an order directed to the petitioner requiring her to show cause at the same time stated in the order obtained by her why the order so directed to him should not be vacated and set aside, denied that he had the possession of a will as alleged in her petition.

At the hearing in the Surrogate's Court upon the day named in the orders the court vacated and set aside the order directed to said Lopez. In the order, after reciting the proceedings and enumerating the papers read and filed, it is further recited. that "Counsel for the petitioner having stated to the court that he was prepared to offer additional testimony concerning the existence of the alleged will referred to in the petition herein."

It is claimed by the appellant that the order was made as a matter of law, the court holding, as stated by the Appellate Division in the first proceeding, that the peti-

tioner was not interested in the estate of the decedent by reason of the assignment of her interest therein to the Metropolitan Museum of Art. Her claim is supported by the recital in the order that we have quoted.

Three questions are before us for consideration: 1. Is the order of the Appellate Division appealable to this court? 2. Was the order based on a conclusion of law? 3. Is the petitioner a " person claiming to be interested in the estate of a decedent" within the meaning of section 2607 of the Code of Civil Procedure?

Whether the order is appealable to this court depends upon whether such order is a final order in a special proceeding. (Constitution, art. 6, § 9; Code of Civil Procedure, § 190.) No special proceeding for the probate of the will alleged by the petition to be in possession of Lopez has been commenced. The order was made on petition and entirely independent of any other proceeding or action. It is urged that it is not a final order because in a proceeding to probate the will the Surrogate's Court may issue a citation *duces tecum* for the production of the will. (Code of Civil Procedure, § 2490, subd. 3.) Section 2621a of the Code of Civil Procedure was new in 1910. It was re-written in 1914 and continued as section 2607. This section of the Code contemplates a proceeding in advance of the proceeding to probate the will to carry out and make practical the procedure in Surrogate's Court, as it had long existed and as it is now regulated by express rule adopted in several of the counties of the state, requiring the production of the will sought to be probated.

Rule 4 of the Surrogate's Court of the county of New York expressly provides that " The will if not lost or destroyed shall be filed with the petition for probate unless upon good cause shown by affidavit the surrogate dispenses therewith, in which case the will must be filed at least two days before the return day of the citation. * * *."

It is unnecessary to consider in this opinion whether the appellant has rights other than in the proceeding now under consideration that she can enforce notwithstanding the rule of the Surrogate's Court in New York county. It is quite clear that she cannot comply with that rule if she should make application to probate the will alleged by her to be in the possession of Lopez. It is not claimed by the petition that the will therein mentioned is lost or destroyed within the meaning of section 2613 of the Code of Civil Procedure.

With the will of the decedent dated August 30, 1912, admitted to probate and the existing practice of the Surrogate's Court, the proceeding under section 2607 is the protection of a right. The object and purpose of the examination is more than the perpetuation of testimony and obtaining information, as in *Matter of Attorney-General* (155 N. Y. 441). The order was not made in any other existing special proceeding.

We are of the opinion that the proceeding instituted by the appellant should be treated by this court as an independent special proceeding and the order appealed from as a final order therein. (*Matter of Mohawk Overall Co.*, 210 N. Y. 474.)

The petitioner was in no way a party to the proceeding commenced by her brother, and is not bound by the decision in that case. Considering, however, the memorandum of the Appellate Division in the proceeding commenced by him, and the recital quoted in the order of the Surrogate's Court in this proceeding, we are of the opinion that the order was made upon an erroneous conclusion of law.

There remains the question whether the petitioner is a person claiming to be interested in the estate of a decedent within the meaning of section 2607 of the Code of Civil Procedure.

" A person interested " for the purpose of construing the provisions of the chapter of the Code of Civil Pro-

cedure relating to Surrogate's Court and the proceedings therein, is defined in section 2768, subdivision 11, thereof as "Every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor." Unless the assignment executed by the petitioner is successfully attacked, it is clear that the petitioner is not interested in the estate. Her interest is, by the terms of the assignment, unqualifiedly transferred to the Metropolitan Museum of Art.

But she alleges in her petition: "Your petitioner claims to be interested in the estate of said James B. Hammond and is interested therein by reason of the fact that she is one of the heirs at law of said James B. Hammond, and one of the devisees under said will in the custody of Arthur Lopez and by reason of the fact that she executed said agreement of May 9, 1913, and permitted the probate of said will of August 30, 1912, in ignorance of the existence of said later will and relying upon statements made to her that the will of August 30, 1912, was the said last will and testament of James B. Hammond, * * * that if the said will in the custody of Arthur Lopez is produced in court it will be offered for probate and if said will is duly probated and the probate of the will of August 30, 1912, is revoked, your petitioner will then be able to successfully maintain an action to rescind and set aside said agreement of May 9, 1913, and will thereupon commence such action. But until said will is produced and duly probated your petitioner is not in a position to maintain an action to set aside said agreement."

The petitioner is, therefore, contingently interested in the estate of her deceased brother. Her interest is contingent upon the production and probate of a later will and upon successfully setting aside and annulling the contract by which she has sold her interest in the estate

of her brother to the Metropolitan Museum of Art. (See *Matter of Work,* 151 App. Div. 707; *Franzwick* v. *Miller,* 1 Dem. 136; *Matter of Dollard;* 74 Misc. Rep. 312.)

This court has intentionally refrained from discussing the merits of the appellant's claim. She is entitled to have the Surrogate's Court pass upon the questions of fact.

The order of the Appellate Division and of the Surrogate's Court should be reversed and the proceeding remitted to the Surrogate's Court for a further hearing and a determination of the questions involved upon the merits, with costs in the Appellate Division and in this court to the appellant.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur; POUND, J., not voting.

Order reversed, etc.