Matter of the Estate of JESSIE GILLENDER, Deceased.

(Surrogate's Court, New York County, January, 1917.)

Surrogate's Court — contested probate proceeding — no authority in surrogate to direct assistant to take testimony in — filing inventory — executors and administrators — Code Civ. Pro. §§ 870–872, 2536, 2607, 2669.

Under section 2536 of the Code of Civil Procedure, a surrogate is not authorized to direct an assistant to take the testimony, in a contested probate proceeding, of persons who are not the subscribing witnesses to the will and who may not be witnesses on the trial of the issues raised by the objections filed to its probate.

But, assuming that a surrogate may so direct, the application for the order must comply with the requirements of sections 870–872 of the Code of Civil Procedure.

If the petitioner desires information as to the character of the various items of the estate, he may apply under section 2669 of the Code of Civil Procedure·for the filing of an inventory, and, if he has reason to believe that the temporary administrators have in their possession or under their control a will other than the one offered for probate, he may apply under section 2607 of said Code for an order directing their attendance for examination.

A Surrogate's Court will not sanction a practice which attempts to combine in one application various proceedings which are independent of each other and which are specifically regulated by appropriate Code provisions.

Surrogate's Court, New York County, January, 1917. [Vol. 98.

APPLICATION by a party who has filed objections to the probate of the alleged will and testament of testatrix for an order under section 2536 of the Code of Civil Procedure, directing an assistant to the surrogate to examine the temporary administrators heretofore appointed in this estate.

Ball & Oldis, for petitioner.

Charles A. Runk, for proponents.

Edward J. McGuire, for the Missionary Society, etc.

FOWLER, S. This is an application by a party who has filed objections to the probate of the alleged last will of the testatrix for an order under section 2536 of the Code of Civil Procedure, directing an assistant to the surrogate to examine the temporary administrators heretofore appointed in this estate " concerning the property in possession of the said temporary administrators, concerning other wills, concerning the conduct of the decedent in the last several years and the manner and conduct of her business and disposition of her property during that time."

Section 2536 of the Code of Civil Procedure provides that in a probate proceeding a surrogate of this county may direct an assistant to take the testimony. This power is customarily exercised by the surrogates of this county, but its exercise is limited to the examination of witnesses in uncontested probate proceedings. While the Code provisions do not prohibit the surrogates from directing an assistant to take the testimony of witnesses in a contested probate proceeding, there is no apparent authority for the extension of the power so as to authorize the taking of testimony of persons who are not witnesses to the alleged will and who may

not be witnesses upon the trial of the issues raised by the objections to its probate. Assuming, but without deciding, that the surrogate may direct an assistant to take testimony in an examination before trial in a contested probate proceeding, the application for such an order must comply with the requirements of sections 870–872 of the Code of Civil Procedure; and, as the present application fails to comply with these requirements, the application to examine the temporary administrators concerning the conduct of the decedent in the last several years and the manner and conduct of her business and the disposition of her property must be denied.

If the petitioner is desirous of ascertaining the nature and character of the various items constituting the assets of the estate, he may obtain the information by making application for the filing of an inventory in accordance with the provisions of section 2669 of the Code of Civil Procedure. If he has reason to believe that the temporary administrators have in their possession or under their control a will of the decedent, other than that submitted for probate, he may apply to this court, under section 2607 of the Code of Civil Procedure, for an order directing their attendance and examination for that purpose. But this court will not sanction a practice which attempts to combine in one application various proceedings which are independent of each other and which are specifically regulated by appropriate sections of the Code.

Application denied.