Matter of the Estate of HERMANN SIELCKEN, Deceased.

(Surrogate's Court, New York County, May, 1921.)

Discovery — when motion to vacate order for, granted — wills — evidence — Code Civ. Pro. § 2607.

> The proceeding under section 2607 of the Code of Civil Procedure was not intended and should not be used merely as a sort of discovery proceeding to ascertain evidence to be used in an action in another court.

> Decedent died in 1917 and his last will dated March 23, 1914, by which all prior wills by him made were revoked, was duly admitted to probate. *Held*, that a motion to vacate an order made in a proceeding under section 2607 of the Code of Civil Procedure directing an attorney to attend for examination concerning a will of decedent made in 1907 and to produce the document which was alleged to have been made in accordance with a contract which was alleged to have been violated in the execution of the will admitted to probate, will be granted.

APPLICATION to vacate order to attend and be examined.

Niles & Johnson, for petitioner, Marguerite A. Blackwell.

Davis, Auerbach & Cornell, for Clara Sielcken.

Smith & Agate (Leonard B. Smith, of counsel), for Eugene Smith.

25

Surrogate's Court, New York County, May, 1921.    [Vol. 115.

COHALAN, S.   This is an application to vacate an order directing an attorney to attend and be examined " concerning the paper writing made and executed by Hermann Sielcken in the year 1907 as his last will and testament," and ordering the attorney to produce the alleged document.

The deceased above named died October 8, 1917, leaving a will dated March 23, 1914, which has been duly probated.   This will contains a clause revoking all prior wills.

The petitioner claims that the last will is in violation of a contract made by the decedent.   The will of 1907 is alleged to have been executed in accordance with such a contract.   It appears, therefore, that if said alleged will were produced, it could not be used in any proceeding in this court.   It might be used in an action brought on the alleged contract to make a will.

The question is whether the proceeding under section 2607 can be used solely in aid of a possible action in another court.   I do not think it can.   In *Matter of Hardy,* 216 N. Y. 132, Judge Chase said: "Section 2621a of the Code of Civil Procedure was new in 1910.   It was re-written in 1914 and continued as section 2607.   This section of the Code contemplates a proceeding in advance of the proceeding to probate the will to carry out and make practical the procedure in Surrogate's Court, as it had long existed and as it is now regulated by express rule adopted in several of the counties of the state, requiring the production of the will sought to be probated."   The will sought to be produced is revoked by the express provision in the last will, which has been duly probated.   No attack upon that decree is made or suggested.   The paper in question will never be probated as a will.   If it is given effect it will be through an action in some other forum.   The

proceeding under section 2607 was not intended and should not be used merely as a sort of discovery proceeding to ascertain evidence to be used in an action in another court. In *Matter of Denham*, N. Y. L. J., June 23, 1917; affd., 180 App. Div. 935, it was held that a proceeding in this court could not be used merely as a sort of examination before trial for the real litigation in another court.

The motion to vacate the order of May 2, 1921, is granted.

Motion granted.