In the Matter of the Estate of CAROLINE YUNG, Deceased. WEMPLE, PETERS & WEMPLE, Attorneys, Appellants; EDITH CASSON WEHRLE, Respondent.

Third Department, May 5, 1926.

Wills — proceeding under Surrogate's Court Act, § 137, to compel attorneys for proponent of later will to produce earlier will — petitioner, heir at law and next of kin of testatrix, has, under Surrogate's Court Act, § 314 subd. 11, interest in estate of decedent — pendency of appeal in proceeding to probate later will is not bar to this proceeding — petitioner has right under Surrogate's Court Act, § 137, to have will produced — irregularities in title to original petition not material.

The petitioner, who is an heir at law and next of kin of the decedent, has, by virtue of subdivision 11 of section 314 of the Surrogate's Court Act, an interest in the estate of the decedent, within the meaning of section 137 of the Surrogate's Court Act, and is entitled to have the attorneys for the proponent of an alleged will directed to produce an earlier will which they admit is in their possession, and the mere fact that an appeal in proceedings to probate the later will is now pending does not bar the right of the petitioner to have the earlier will produced for inspection.

The petitioner properly urged her right to an inspection on the theory that in the event the contested will was held to be invalid then the prior will, if valid, would be the last will and testament of the deceased, and also on the further theory that if the prior will is the same as the will which was probated, then the petitioner would have no further interest in the matter and the continuation of the appeal would be useless.

The fact that the title to the original petition does not conform to the provisions of the statute is immaterial, since the papers show the intent and purpose of the proceeding.

APPEAL by Wemple, Peters & Wemple, attorneys, from an order of the Surrogate's Court of the county of Schenectady, entered in the office of said Surrogate's Court on the 14th day of December, 1925, granted under section 137 of the Surrogate's Court Act, requiring the production of a prior will which is in the possession of the appellants, who are attorneys for the proponents of a will already probated.

*Wemple, Peters & Wemple* [*W. W. Wemple* of counsel], for the appellants.

*Leary & Fullerton* [*A. W. Pitkin* of counsel], for the respondent.

McCANN, J. An alleged last will and testament of Caroline Yung, deceased, dated June 24, 1924, was presented for probate

in the Surrogate's Court of Schenectady county by John Yung, widower, and the executor named in said instrument. Objections to such probate were filed by Edith Wehrle, an heir at law and next of kin of decedent and the issues were tried in Supreme Court before a jury which rendered a verdict to the effect that the alleged will was a forgery. The verdict was set aside and a verdict directed in favor of the proponents of the will. Thereupon the will was admitted to probate. An appeal has been taken from the order directing the verdict and from the decree of probate.

After the probate mentioned, the contestant (who is the respondent herein) learned for the first time that Wemple, Peters & Wemple, the firm of attorneys who appeared for the proponents, had in their possession a will of this decedent bearing a date prior to that of the probated will. The contestant demanded an inspection of the same which was refused by said attorneys. Thereupon said Edith Wehrle (the contestant in the probate proceeding) filed a verified petition in the Surrogate's Court in which she swore that she was an heir at law and next of kin of deceased having a one-eighth interest in her estate in case of intestacy; that such petition was supported by further proof and particularly of the fact that such attorneys had such will in their possession. An order was sought to compel the attorneys for the executor of the alleged last will and testament which was probated, to produce such alleged prior will for inspection and deposit the same in the vault and safety deposit box of the Surrogate's Court to await the determination of the contest of the probate of the will then on appeal. An order was made requiring said attorneys, Messrs. Wemple, Peters & Wemple, to produce and file the same. Upon the return of the order to show cause, the said attorneys filed an answer and moved for a dismissal of the proceeding and in said answer raised the following objections:

" 1. That the court has no jurisdiction.

" 2. That there is no action or proceedings pending in which the instrument in question has any bearing.

" 3. That the instrument in question has at present no legal force and is a private paper owned and controlled by another and in the possession of the respondent simply for safe keeping and has no legal control over the paper and would not be authorized to deliver possession thereof.

" 4. That the party in control of said alleged instrument is not a party to these proceedings.

" 5. That there are no such legal proceedings under the Civil Practice Act where there is a later will already probated.

" 6. That the alleged instrument has no validity or legal force.

" 7. That the respondents have no power to respond to an order of this court.

" 8. That the applicant has no right to the custody of the paper in question or to require its deposit with this court as a public document.

" 9. That the application herein is not made in good faith.

" 10. That there is no petition for sufficient papers before this court on the part of the party claiming to be in interest."

The objections were overruled and the attorneys directed to produce and file the earlier will and the attorneys for the respondent were permitted by said order to examine the same. From such order this appeal is taken.

Section 137 of the Surrogate's Court Act reads as follows: " Whenever it shall appear by petition of any person claiming to be interested in the estate of a decedent, that there is reasonable ground to believe that any person has destroyed, retained, concealed, or is conspiring with others to destroy, retain or conceal a will or testamentary instrument of a decedent, or has any knowledge as to such facts, the court must make an order requiring the respondent to attend and be examined in the premises, and may in such order or otherwise in the proceeding require the production of any will or testamentary instrument."

This section provides (1) that the petitioner must be one who claims to be interested in the estate of decedent. This has been established by the verified petition which states that in case of intestacy she would succeed to a one-eighth interest of the estate of the decedent. In such event she would be a person "interested." (See Surr. Ct. Act, § 314, subd. 11.) Said section 137 further provides (2) that there must be reasonable grounds to believe that some person has destroyed, *retained* or concealed, or is conspiring with others to destroy, *retain* or conceal a will or testamentary instrument of the decedent. This fact has also been established by the affidavit of A. W. Pitkin that he was told by a member of the firm of Wemple, Peters & Wemple that there was a will of decedent in their possession which was earlier in date to the one which had been admitted to probate. This fact is also established by paragraph 3 of the answer interposed by the appellants herein which consists of an admission of the custody and retention of such an instrument. Aside from the objections referred to above, the others are solved by the language of the section itself.

The power of the court in such cases is explicitly stated and the prerequisities for invoking such power have been complied with in the petition made. In *Matter of Work* (151 App. Div. 707), decided under section 2621-a of the Code of Civil Procedure

(as added by Laws of 1910, chap. 358; revised by Code Civ. Proc. § 2607, as amd. by Laws of 1914, chap. 443, of which section 137 of the Surrogate's Court Act is in effect a re-enactment), it is held that "this proceeding is not an attack upon a probate decree and we think it may be instituted irrespective of whether there has been such a decree. If a subsequent alleged will or codicil should be discovered, the probate decree would remain unaffected until a direct attack upon it should be made. The fact that such an attack might be made if the petitioner should attain his purpose in this proceeding constitutes no objection to the maintenance of it."

In *Matter of Hardy* (216 N. Y. 132) the questions involved in this section prior to this amendment were generally discussed and it was held that the petitioner, who asked for an order to produce another will, was an interested party even though she had transferred by assignment all of her interest in the estate in question which assignment included all future interests in other wills that might be produced. The petitioner having alleged fraud in procuring the assignment, her interest was contingent upon the production and probate of a later will and upon successfully setting aside and annulling the contract by which she had sold her interest in the estate of her brother. It is not necessary to further discuss the interest of the party upon the present appeal nor the question as to whether that has been established by affirmative allegations. Neither is it necessary to discuss the question as to whether or not this proceeding is instituted for the purpose of using the information produced in some action other than that pertaining to the establishing of the title of the property of the decedent and the distribution thereof. It was held in *Matter of Hardy* (*supra*): " We are of the opinion that the proceeding instituted by the appellant should be treated by this court as an independent special proceeding and the order appealed from as a final order therein."

Being a special proceeding the fact that the present appeal is pending has no bearing upon the instant case. It also disposes of the question raised that this court would have no jurisdiction while such appeal is pending. One proceeding has no relation to the other. Neither is this proceeding to procure testimony for the purpose of revoking the probate of the will already probated, nor is it an attack on the validity of the present decree of probate, nor is it objectionable by reason of certain matters raised in other cases cited, to wit, that the examination is for the purpose of prosecuting a litigation in another court. The proceeding comes squarely under the provisions of· section 137 of the Surrogate's Court Act. The petitioner has the right to have the prior

will filed for examination and is correct in urging such right on the theory stated in respondent's brief that " in the event that the contested will matter, which is on appeal, should be reversed and the verdict of the jury reinstated, and the will of June 24, 1924, declared invalid, then this alleged prior will, if valid, would be the last will and testament of the deceased," and also that " if the prior will on inspection is identical with the contested will and appears to be authentic, and should leave nothing under its terms to the contestants of the will of June 24, 1924, then the continuation of an appeal in the contested will matter would be a waste of time, useless and of no avail. The contestants would not be put to the expense of an appeal; the proponents would be benefited; the administration of the estate which is now suspended by the appeal would be renewed; real property could be disposed of and legacies paid, which cannot be done while the appeal is pending."

The respondent's argument is logical and shows clearly the intent of the statutory provision incorporated in section 137 of the Surrogate's Court Act. Neither the language of the statute nor the authorities cited refer specifically to a prior will, but section 137 is broad enough to cover such a will and the logic of the authorities as to a subsequent will applies with force to one of an earlier date.

The appellants have raised a question that the title to the original petition does not conform to the provisions of the statute. We agree with the surrogate that such papers show the intent and purpose of this proceeding and the motion, therefore, to dismiss the proceeding on such technicality should be denied.

The order appealed from should be affirmed, with costs in favor of the respondent, and the order should provide for compliance with the original order herein on or before a date to be fixed therein which shall not be less than five days after the service of a copy of the order of affirmance, together with the notice of entry of the same.

Order unanimously affirmed, and appellant required to comply with the provisions of the original order within ten days after the service of a copy of the order of affirmance herein together with notice of entry thereof.