In the Matter of the Estate of JOSEPHINE KENNEDY, Also Known as JOSEPHINE HELLINGER and JOSEPHINE K. HENNINGER, Deceased.

Surrogate's Court, Kings County, October 27, 1937.

*William Brunner,* for the proponent.

*Harold M. Spitzer,* for the contestant.

WINGATE, S.  The present application, which purports to be a motion in a pending probate proceeding, seeks the issuance of an order " directing that the safe deposit box of decedent in the vaults of the Brooklyn Trust Company be opened and a search made therein for the Last Will and Testament of said decedent, and, if the same be found, that it be filed with this court."  The petitioner is a statutory distributee of the decedent.

On May 7, 1937, a purported will of this decedent and a petition for its probate were filed in this court.  The propounded document named William Brunner, Esq., as executor.  Objections have been interposed and the issues as to its validity are now awaiting trial. In the course of an examination of the proponent by another distributee, it was developed that on June 16, 1931, he prepared a previous will for the decedent, all details in respect to which he declined to divulge, saying merely that to the best of his recollection he had delivered it to the decedent and that he knew it was not in his possession.  It is not disputed that the decedent had a safe deposit box in the vaults of the Brooklyn Trust Company.

The present motion papers were apparently served on Mr. Brunner, who duly appeared and filed an affidavit in opposition on the ground that the terms of the prior will are not now in issue and have no bearing on the present proceeding.

As is evidenced by the provisions of section 137 of the Surrogate's Court Act, which is a substantial continuation of section 2607 of the Code of Civil Procedure, it is the policy of the law that all purported testamentary instruments of a decedent shall be filed in the appropriate Surrogate's Court whenever any interested person intimates a wish to this effect.

The pertinent provisions of law in this connection are two in number, and are contained, respectively, in subdivision 3 of section

249-t of the Tax Law and in section 137 of the Surrogate's Court Act. The former, which is of constant application, provides in substance that when it is made to appear to the surrogate having jurisdiction of an estate that the decedent was a lessee of a safe deposit box, and that such " box may contain a will of the decedent * * * he may make an order directing such safe deposit company * * * to examine such * * * safe deposit box * * * and if a paper purporting to be a will of the decedent * * * is found * * * to deliver such will to the clerk of the Surrogate's Court."

Section 137 of the Surrogate's Court Act contemplates an examination of a person concerning whom there is reasonable ground for belief that he has retained or concealed, or has knowledge of " a will or testamentary instrument of a decedent " and authorizes a direction requiring " the production of any will or testamentary instrument " the existence of which is thus disclosed.

As has frequently been noted (*Matter of Hardy*, 216 N. Y. 132, 137; *Matter of Gillender*, 98 Misc. 521, 523; *Matter of Jussila*, 104 id. 579, 580), and is wholly obvious to any person acquainted with Surrogate's Court practice, a proceeding to secure the production of a purported testamentary instrument is an independent special proceeding which has no relation to any other proceeding, the institution of which is authorized by the Surrogate's Court Act. (*Matter of Yung*, 216 App. Div. 595, 598.) Relief therein has consequently been authorized even after another will had been probated (*Matter of Hardy*, 216 N. Y. 132; *Matter of Gowdey*, 215 App. Div. 369; *Matter of Work*, 151 id. 707), and where an appeal from a decree of probate was pending (*Matter of Yung*, 216 App. Div. 595), provided there was a demonstration of any reasonable ground for belief that the applicant had or might possess some interest which would be affected by the production of the instrument. That the present applicant has such an interest as is sufficient to warrant the present application is cogently demonstrated by the language of the Appellate Division in the *Yung* case at page 599.

It may be observed that the foregoing authorities and *Matter of Haubeil* (246 App. Div. 824, 825), in which the propriety of relief of this variety has been considered, all referred to applications under section 137 of the Surrogate's Court Act or its predecessor in the Code of Civil Procedure. So far as the research of the court has disclosed, the related provisions of section 249-t of the Tax Law have never been made the subject of judicial interpretation. A reading of the two enactments, however, renders it wholly obvious that they are *in pari materia*, being designed to regulate diverse factual situations of the same general condition.

In the case at bar the will is not in the physical possession of the proponent, although it might be arguable that, if in existence, it is within his control. (Surr. Ct. Act, § 232; *Matter of Hammond,* 198 App. Div. 634, 637; *Matter of Marcellus,* 165 N. Y. 70, 77; *Matthews* v. *American Central Ins. Co.,* 154 id. 449, 461; *Matter of McCafferty,* 147 Misc. 179, 196.) Since, however, such existence has not been demonstrated, the precise terms of section 137 of the Surrogate's Court Act are inapplicable and no express direction for its production may be made pursuant to a proceeding as therein contemplated. This infirmity is, however, not present in connection with the proceeding contemplated in section 249-t of the Tax Law, and its language expressly covers a situation such as has here been demonstrated to exist.

A will prior to that presently in issue was executed by the decedent. Inferentially, since it is not in the possession of the scrivener, it was delivered to the decedent. The proponent, as the nominated executor of the purported later will, is the statutory custodian of her assets pending the determination of its validity, and denies knowledge of its whereabouts, inferentially indicating that it was not among her other effects. She had a safe deposit box which does not appear to have been opened. Obviously, in the language of the statute, such " box may contain a will of the decedent." This is all that is required to authorize the intervention by the court to direct examination of the box upon the prayer of a person whose interest in the general subject-matter has been demonstrated.

It might have been possible for the present respondent, had he so elected, to have appeared specially in this proceeding to object to the jurisdiction of the court on the ground that this special proceeding was instituted by a notice of motion instead of by a citation or order to show cause, which are the only initiating processes permissible in the Surrogate's Court. (Surr. Ct. Act, § 52; *Matter of Kruger,* 139 Misc. 907, 913; *Matter of Grube,* 162 id. 578, 579.) He did not elect to do so, but appeared generally to oppose the application, wherefore any defect in the initiating process has been waived (*Matter of Yung,* 216 App. Div. 595, 599), and the court has before it the only parties necessary for a determination of the question.

For the reasons assigned, the prayer of the petition will be granted; the safe deposit box will be opened upon usual notice to the State Tax Commission and searched for any testamentary paper of the decedent, and, if one be found, it will be transmitted to and filed in this court.

Enter order on notice in conformity herewith.