In the Matter of the Estate of HARRY P. HINKLEY, Deceased.

Surrogate's Court, Orange County, October 11, 1944.

*Harold E. Roegner* for Mabel Thompson, petitioner.

*George B. Overhiser* for Central National Bank of Washingtonville.

TAYLOR, S.  A preliminary observation should be made with respect to the title used in the papers. All petitions, orders, etc., should, in the title, prominently set forth the name of the person to whose estate or fund the proceeding relates, and, in more or less specific terms, the nature of the proceeding. (Surrogate's Ct. Act, § 51; 1 Warren's Heaton on Surrogates' Courts, § 66.1.)

A petition was presented to the Surrogate and an order made, pursuant to section 249-t of the Tax Law, directing the Central National Bank of Washingtonville to permit the petitioner, in the presence of a representative of the State Tax Commission, to open the decedent's safe deposit box and, if a will was found therein, for the delivery of the will to the clerk of this court.

The petitioner alleges that she is a distributee of the decedent, and that is not controverted. Such person may initiate such proceeding. (*Matter of Kennedy* [*Hellinger*] [*Henninger*], 164 Misc. 796.)

Thereafter the Bank obtained a stay of the execution of this order and combined therewith an order to show cause why there should not be imposed as a condition the payment by the petitioner to the Bank of the sum of twenty-five dollars for the cost of breaking into the safe deposit box, the sum of ten dollars for repairs, and the sum of thirty dollars for loss of use, the key to the box having been lost. The petitioner has countered with an affidavit of inquiries made at other banks and the information obtained that the fees or costs at the other banks run from five dollars to ten dollars. Other than these affidavits no proof was offered by either party.

Although there is ample and clear authority that the relationship between a bank and one to whom a safe deposit box is rented is that of bailor and bailee (*Roberts* v. *S. S. D. Co.*, 123 N. Y. 57; *Sagendorph* v. *First National Bank of Philmont*, 218 App. Div. 285; *Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458, 461; *Lockwood* v. *Manhattan Storage & W. Co.*, 28 App. Div. 68; *Matter of Ackerman*, 103 Misc. 175; *People* v. *Mercantile Safe Deposit Co.*, 159 App. Div. 98), no authority has been cited by counsel, nor has the Surrogate's own efforts disclosed any, upon the question here involved.

There would seem to be no doubt that the Bank is entitled to demand reimbursement for the reasonable value of the employment of someone to break the lock or to use such other means as may be necessary to gain access to the box. It should be reimbursed, too, for the reasonable cost of repair. In the absence of contract, it should be limited to the reasonable value of these services. Upon the oral argument and at the suggestion of the Surrogate, the parties stipulated that the order might provide that the petitioner be required to pay to the Bank the sum of twenty-five dollars or at her option have the lock broken by someone of her own choosing and at her own expense, and pay to the Bank the sum of ten dollars for repairs, leaving for decision the claim for loss of use of the box and the application

of counsel for the Bank for an allowance to him for services rendered to his client upon this application.

While in many, if not all, cases of damage to property the owner may be entitled to compensation for loss of use (1 New York Law of Damages, § 439; *Parilli* v. *Brooklyn City R. R.*, 236 App. Div. 577), there must be acceptable proof of the period and value of such loss. In this case, it appears from the affidavits that the safe deposit box in question is quite old; that the manufacturer thereof is out of business for the duration of the war and that during such time it will be impossible to obtain new locks and other parts for the repair of the box. Compensation for loss of use for five years is asked. There is no proof of the duration of the war, nor of the time this particular manufacturer will be engaged in war work; obviously there could be no such proof. This claim for loss of use is altogether too speculative upon which to base a judicial conclusion.

Counsel for the Bank asks that an allowance be made to him for services rendered to his client upon this application. The Surrogate fully appreciates the position of the Bank in that it has been required to employ counsel to appear for it in this proceeding. It must be kept in mind, however, that this is an independent special proceeding, which has no relation to any other proceeding (*Matter of Kennedy*, 164 Misc. 796, *supra*); that no probate proceeding is yet pending, and no application has been made for letters of administration; that it is not yet known whether the decedent left a will and for all that appears he may not have left an estate requiring administration, and that the petitioner may not be the executrix, or even a legatee, and assumes no small personal risk in being reimbursed for the sums she will be required to pay out to determine the status of this estate.

It is at least questionable if there is jurisdiction in this proceeding to determine the question of allowance to the Bank's counsel, but, overlooking that problem, the conclusion is that there should be no such allowance for the reasons just stated and for the further reason that the Bank has not been successful in the major portion of its claim.

Order in accordance herewith may be settled on consent or upon notice.