In the Matter of Proving the Last Will and Testament of JOHN S. LAW, Deceased, as a Will of Real and Personal Property.

WILLIAM W. LAW and Others, Appellants; ELIZABETH LAW and Others, Respondents.

*Will of a resident of the State of New York — probate thereof in the State of New York when it is subscribed by witnesses residing therein and it is filed in a Probate Court of another State — it cannot be proved before a commissioner — an action may lie to establish it.*

Under section 2620 of the Code of Civil Procedure the will of a resident of the State of New York, made and executed in that State and subscribed by witnesses residing therein, cannot be admitted to probate in the State of New York when its production before the surrogate is rendered impossible by the fact that it has been filed in a Probate Court of another State in which it has previously been probated.

Such a will cannot be established by the issuance of a commission, as the commissioner would have no power to compel the attendance of the subscribing witnesses in the State in which the will was filed.

*Semble,* that in such a case an action to establish the will might be brought under section 1821 of the Code of Civil Procedure.

APPEAL by the petitioner, William W. Law, and others, from a decree of the Surrogate's Court of the county of New York, entered

in said Surrogate's Court on the 9th day of October, 1902, dismissing the proceeding for the probate of the will of John S. Law, deceased.

John S. Law died on the 25th day of August, 1893, at Greenwich, in the State of Connecticut, leaving a last will and testament, which related to both real and personal property. After the decease of the testator, his widow presented a petition for the probate of his will to the Probate Court in the State of Connecticut, where the will was admitted to probate as the will of a domiciled resident of that State. On January 23, 1900, a grandson of the testator, who was not a party to the Connecticut proceeding, brought a proceeding in the Surrogate's Court of New York county to have the last will and testament of said John S. Law, deceased, admitted to probate, alleging in his petition, among other usual jurisdictional facts, that the deceased was a domiciled resident of the State and county of New York. The contestants, in their answer thereto, admitted the validity of the will, but denied that the deceased was a resident of the State of New York at the time of his death; and set up the fact of the probating of the will in the State of Connecticut as a bar to further proceedings in the State of New York. The Surrogate's Court dismissed the proceeding on the ground that the Connecticut proceeding was *res adjudicata* and a bar to any proceedings in the New York Surrogate's Court, and a decree was thereupon entered accordingly. From such decree the proponent appealed to the Appellate Division, which latter court reversed the decree and remanded the proceeding to the surrogate for a further hearing. (56 App. Div. 454.) In the new hearing before the surrogate he rendered a decision wherein he found that the testator, John S. Law, died at Greenwich in the State of Connecticut, but that at the time of his death he was a resident of the county and State of New York; that he left a last will and testament, which is now in custody of the Probate Court of Greenwich, Conn., and which was not produced before the Surrogate's Court of New York county. As matter of law, the surrogate found, among other things, that the said Surrogate's Court of New York county has jurisdiction of the estate of said deceased; that the said last will and testament cannot be probated in this proceeding, as the original instrument was not produced before the court upon the hearing, and, therefore, the

proceedings were dismissed. From the decree thereupon entered this appeal is taken.

*William H. Cochran,* for the appellants.

*J. J. Karbry O'Kennedy,* for the respondents.

HATCH, J.:

It is not essential to a disposition of this case that we follow the argument of the learned counsel· for the appellant in his discussion of the probate jurisdiction conferred upon the surrogate by the several provisions of the Code of Civil Procedure, or of the authorities bearing thereon both before and since their enactment. No useful purpose would be served by so doing. The question as to whether the will of an inhabitant of this State, made and executed herein, can be admitted to probate by the surrogate without the production of the will itself is settled by decisive authority. In *Matter of Cameron* (47 App. Div. 120) it was said : " The implication of the 1st subdivision of section 1861 and of section 2620 of the Code of Civil Procedure, is that the surrogate cannot admit such a will to probate." This decision was affirmed in the Court of Appeals upon the opinion below (166 N. Y. 610). The fact that in the *Cameron Case (supra)* the surrogate found that he was not satisfied from the evidence that any such will was in existence did not affect at all the question of the power to admit to probate if not produced. While it is true that in that case the application was for the issuance of letters of administration upon the estate of the decedent, yet, upon the hearing before the surrogate, the appellants therein asked for a commission to take additional testimony in Chicago as to the original instruments, their custody and the proceedings for their probate. This application was denied, and the question raised thereby was presented for determination. Consequently, the question as to the power of the surrogate in the premises was directly involved, and it was thought that such ruling was proper, for the reason that, without the production of the will, the surrogate had no power to admit it to probate. Nor could it be established by the issuance of a commission, for the reason that the witnesses to the instrument involved in the proceeding resided within the State of New York, and, therefore, could not be produced before the commissioner to take such

proof. For both these reasons the ruling of the surrogate was sustained. The court cites *Russell* v. *Hartt* (87 N. Y. 19) and *Matter of Delaplaine* (45 Hun, 225) as authorities, showing that, under the circumstances presented by these cases, a will may be established by producing the same before a commissioner appointed to take testimony for that purpose, when the production of the will before the commissioner is deemed in law to be the production of the same before the surrogate. It is evident that the court, in the *Cameron Case* (*supra*), did not intend to lay down any different rule from that which had been announced in the cases which it cites as authority. It simply announced the doctrine determined therein. In *Russell* v. *Hartt* (*supra*) it was held that where a testator, not an inhabitant of this State, died, leaving assets within the jurisdiction of the surrogate, proof might be taken of a will by interposition of a commission, where the original will was in the possession of a court or tribunal of another country and could not be physically produced. *Matter of Delaplaine* (*supra*) was decided upon the authority of this case and does not extend its doctrine.

In the case before us the will has been probated in the State of Connecticut. The testator was an inhabitant of this State, the will was executed herein and the witnesses to the will and codicil all reside in the State of New York. It is evident, therefore, that under such circumstances the will could not be established before a commissioner, as the proponent would be confronted with the same difficulty as existed in *Matter of Cameron* (*supra*). While it is true that wills may be admitted to probate which have been lost or destroyed, yet where a written will is established, having a present physical existence, it is required by the provisions of section 2620 of the Code of Civil Procedure to be produced before the surrogate, and it must be filed and remain in the surrogate's office. The will established by the petitioner in the present case, and found by the surrogate to exist, is a written will, having a present existence, and under the provisions of this section it must be produced and be filed in the surrogate's office when it is admitted to probate. The cases which we have cited clearly so recognize.

This conclusion is strengthened by the provisions of section 1861 of the Code of Civil Procedure, which authorizes an action to establish or impeach a will under the following circumstances: " 1.

Where a will of real or personal property, or both, has been executed, in such a manner and under such circumstances, that it might under the laws of the State be admitted to probate in a Surrogate's Court, but the original will is in another State or country under such circumstances that it cannot be obtained for that purpose, or has been lost or destroyed, by accident or design, before it was duly proved and recorded within the State." This section clearly contemplates the existence of a condition such as the present case presents, and, therefore, an action might lie to establish this will. (*Younger* v. *Duffie*, 94 N. Y. 535.) If it were an original question we should not hesitate to hold, in the case of a will made by an inhabitant of this State and executed within its jurisdiction, that it cannot be probated without the physical production of the will, where such will is in writing and in existence.

The authorities which we have cited are conclusive in support of this doctrine.

It follows that the decree of the surrogate should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Decree affirmed, with costs.