1. EMINENT DOMAIN—DAMAGES—CIRCUMSTANCES IN MITIGATION—BURDEN OF PROOF.

Where land upon which there is a well is taken by a city for street and sewer purposes, and it is shown that the underground stream which feeds such well is available for another well, which may be sunk upon a part of the land not taken, but there is a question as to whether the water from the new well will be available as a substitute for the water drawn

from the old well, in view of a claim that the new well will be so affected by the seepage of tide water as to render its use unprofitable, the burden is on the city to show, in order to reduce the award of damages to the mere cost of digging a new well rather than to the owner's expense in purchasing water available for his purposes from others, that the new well will, in fact, be an available substitute for the well taken by the city.

2. EVIDENCE—COMPARATIVE CHEMICAL ANALYSES—SIMILARITY OF CONDITIONS.
   In condemnation proceedings, where land on which a well is sunk is taken, but it is claimed on one side that an available well for the purposes in question may be sunk on the remaining land, and on the other side that a well so sunk would not be available because of seepage of tide water, a comparative analysis of water drawn from the well taken and from the proposed well is not a proper basis for a finding, in the absence of a showing that the water was taken from the respective wells under similar tidal conditions.

3. MUNICIPAL CORPORATIONS—DAMAGES—ALTERATION OF GRADE OF STREET.
   Where land is sought to be acquired for street purposes, an owner whose land is affected by grade changes of an intersecting street upon which his land abuts, and not by the grade of the new street, is not entitled to damages for such changes.

   [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 925, 936.]

4. SAME.
   Where an owner changes the position of his building to meet a change of grade in an intersecting street, after the establishment of the grade of a new street, he has no claim for damages resulting from the change, regardless of his motives in inducing the change of position of the building.

5. SAME.
   Where a building is erected upon a street line after the establishment of a change of grade therein by the public authorities, the owner of such building is not entitled to damages for the change of grade.

6. SAME—AWARD OF COMMISSIONERS—PROPRIETY.
   Where the commissioners of estimate and assessment viewed two adjoining parcels of land affected by a change of grade, the award of damages as to one of the parcels could not be held erroneous in principle, in view of the award for the other parcel, in the absence of anything inconsistent with the conclusion of the commissioners that the parcels were different in character, so far as the structural condition of the buildings on the parcels in relation to the grade affected the question of damage.

7. SAME—ASSESSMENT FOR BENEFITS—PROPERTY SUBJECT TO ASSESSMENT.
   Equipment and fixtures in the soil of a street within the area of assessment for an improvement, owned and used by public service corporations under their rights and franchises, cannot be assessed for benefits.

Motion by the mayor, etc., of New York City to confirm the report of the commissioners of estimate and assessment relative to West Farms Road. Confirmed in part.

John P. Dunn, for city of New York.

Berry Brothers, for objector Northern Union Gas Co.

Melville Egleston, for objector New York Telephone Company and another.

Adolph C. Hottenroth, for other objectors.

BISCHOFF, J. The Northern Union Gas Company's objection to the adequacy of the award for parcel No. 60 is based upon the commissioners' restriction of the allowance for the loss of a dug-out well,

upon the part of the premises taken, to the cost of digging a new well on the remaining land, the claim being that the loss of the particular well involved a substantial loss in money. It appeared that this well was fed by an underground stream, and evidence was given that the same stream was available for another well sunk upon the land not taken for the street opening, a test well having actually been made to determine the question. In answer to the owner's contention that the proposed sewer to be laid in West Farms Road would interrupt or divert the underground stream, it was testified that the proposed sewer could have no effect upon the stream, in view of its position in relation to the sewer level, and the actual issue was narrowed to the question whether the water from the new well was of such a quality as to be available for the peculiar uses of the gas plant as a substitute for the water drawn from the old well. The claim of the owner was that the new well, being nearer the Bronx river, was affected by the seepage of tide water, and thus contained a proportion of salt which rendered its use unprofitable. The old well, however, was shown by the testimony to be affected, also, to some extent, by tide water, and it was testified that the water from the new well was of the same character as that drawn from the old, so far as could be determined by the sense of taste. Certain tests were made by analysis of the water drawn from both wells, but, because water thus examined was not shown to have been taken from the respective wells under similar tidal conditions, the commissioners declined to base a finding upon the evidence thus produced, and, so far, the ruling was correct, since, unless the conditions were known to be the same with relation to the tide which affected both wells, a comparative analysis which disclosed a greater percentage of salt in the water drawn from one could have no value.

The result of eliminating the comparative tests, however, has been expressed in a finding that the new well was an available substitute for the old, and it is at this point that error was committed in placing the burden of proof. There is no question that the gas company actually used the yield of the old well for the purposes of its business in the production of gas, and compensation for the taking of the well involved the payment of such a sum as would meet the expense of obtaining the water without that well. To reduce the damages to the mere cost of digging a new well at some place upon the owner's remaining land, rather than to be charged with the expense which would measure the owner's loss in the purchase of water from others, the burden was obviously upon the city to show that a new well would in fact be a substitute for the old, in view of the legitimate uses to which it was put. The relative position of the two wells, in their proximity to the tide water, which might affect both to some extent, disclosed a situation in which the similarity of quality of the water could be determined only by a chemical test, and the city's burden of showing that a substitute for the old well was available was not sustained by the mere proof that the new well would supply water. The owner proved its special damage, in the first instance, by showing the use of the well for its business, the taking by the city, and the cost of obtaining water elsewhere in the usual course, and for the adoption of some lesser measure of damage, special to the case, through the

finding that a substitute well was available, it became incumbent upon the city to prove the fact that there was an available substitute for the well which was taken. See Mattlage v. New York El. R. Co., 14 Misc. Rep. 291, 294, 35 N. Y. Supp. 704, and cases cited. Every facility for obtaining this proof was afforded the city by the party in possession of the land, and the commissioners' conclusion against the owner as to the applicability of the usual measure of damage, in the absence of proof to support a different measure, was erroneous. As to this parcel, therefore, the report must be sent back for further consideration.

I find no ground for disturbing the commissioners' finding upon the question of damages for change of grade, as presented by the objections, with reference to parcels 35B, 57B, 20A, and 47A. The refusal to find damages for the two first-named parcels is supported by the fact that the premises were affected by grade changes of the intersecting street, upon which they respectively abutted, not, actually, by the change resulting from the grading of West Farms Road, and there was, therefore, no necessary ground for concluding that any damage resulted from the intended regulation. See Matter of Trinity Ave., 81 App. Div. 218, 80 N. Y. Supp. 732. Parcel 35B had no frontage upon this road at all, such frontage as it might have had being taken in a prior proceeding to open Boone street, and damages for the change of grade related wholly to that proceeding, with which the present street opening had nothing to do. The claim as to parcel 57B is covered by the ruling in Matter of Vyse Street, 80 App. Div. 622, 80 N. Y. Supp. 842, the actual change in the position of the building to meet the change of grade of 173d street, after the grade of West Farms Road was established, sufficing to negative the presence of damage, and the motives which induced the change of the building being immaterial to the actual question of damage. Concededly, parcel 20A falls within the rule which precludes a claim for damages where the building was erected after the change of grade was established by the public authorities, the objection being formally raised to preserve the owner's rights upon appeal. This question was considered by me in Matter of Vyse Street, 95 N. Y. Supp. 893, and no further discussion is necessary at this time. The claim of inadequacy in the award for parcel 47A is based upon a comparison with the award for an adjoining parcel; but, as to this, it is impossible to say from the record that an erroneous principle of estimate was adopted. It appears that the commissioners viewed the premises, and the record discloses nothing inconsistent with the conclusion, based upon the view that the two parcels were different in character, so far as the structural condition of the buildings, in relation to the grade, affected the question of the damage which accrued to either. The court, therefore, is not in a position to say that the report, as to this parcel is erroneous in principle, or is the result of bias, passion, or prejudice.

The remaining question presented upon the motion involves the propriety of assessments for benefit upon the interest of certain public service corporations in the soil of the streets within the area of assessment, the property thus assessed being the equipment and fixtures in the street, used by these corporations, and the rights, privileges, and franchises enjoyed by them and which have been availed of for the purpose

of placing this kind of property in the street. That property of this nature is not the subject of assessment for benefit has been recently decided by Mr. Justice Scott (Matter of Anthony Ave., 46 Misc. Rep. 525, 95 N. Y. Supp. 77), and for the reasons expressed by him, with which I am in agreement, my conclusion is that the objections to the assessments in question should be sustained.

Report sent back to commissioners for further consideration as to award for damage parcel No. 60, and as to assessments for benefit as indicated. In other respects, report confirmed. Ordered accordingly.