(60 Misc. Rep. 275.)

In re WESTON'S WILL.

(Surrogate's Court, New York County. July, 1908.)

1. WILLS (§ 245*)—PROOF—EXECUTION OF CODICIL.
    A will cannot be admitted to probate, on proof of a codicil thereto which displaces one of the executors named in the will and appoints another and makes no disposition of property whatever, without proof that the will was executed according to the laws of the state.
    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 245.*]

2. WILLS (§ 245*)—PROBATE—ESTABLISHMENT BY COMMISSION.
    A will cannot be established by commission, where the subscribing witnesses reside one in the state and the other in New Jersey and the will is in the District of Columbia, where it had been admitted to probate.
    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 245.*]

3. WILLS (§ 245*)—PROBATE—ADMISSION IN ANOTHER STATE.
    Under Code Civ. Proc. §§ 2618–2620, a will cannot be proven by exemplified copy of the proceedings of the court which admitted it to probate.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 581; Dec. Dig. § 245.*]

4. WILLS (§ 219*)—PROBATE—INTEREST TO OFFER.
    Under Code Civ. Proc. § 2476, subd. 4, a son has sufficient interest to propound the will of his father and the codicil thereto for probate, where he acquired under the will certain real estate situated in the county.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 527, 528; Dec. Dig. § 219.*]

In the matter of the probate of the will of Walter Weston. Petition dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harry Van Ness Philip, for proponent.
Sullivan & Cromwell, for contestants.

BECKETT, S. The interest which decedent acquired under the will of his father in the undisposed of part of the real estate of the latter, situated in this county, is sufficient to give the court jurisdiction to entertain this proceeding to probate the papers propounded as the will of the decedent and the codicil thereto. Code Civ. Proc. § 2476, subd. 4. The right of the petitioner to initiate the proceeding has been satisfactorily established upon the inquiry I have made in regard to his status. Gove v. Harris, 4 Dem. Sur. 293. He is, however, unable to produce or secure the production of the paper propounded as the will as distinguished from the codicil, in order to prove it in the customary way in open court, and he cannot prove it by commission because the subscribing witnesses reside one in this state and the other in the state of New Jersey, and the paper itself is deposited in a court in the District of Columbia, by which it has been admitted to probate. Matter of Cameron, 47 App. Div. 120, 62 N. Y. Supp. 187, affirmed 166 N. Y. 610, 59 N. E. 1120; Matter of Law, 80 App. Div. 73, 75, 76, 80 N. Y. Supp. 410, affirmed 175 N. Y. 471, 67 N. E. 1084. Nor can he prove it by an exemplified copy of the proceedings of the court which admitted it to probate, as it is incompetent and inadmissible as evidence for the purpose. Code Civ. Proc. §§ 2618, 2619, 2620; Matter of Delaplaine, 45 Hun, 225.

It is proposed to probate or establish the will by proving the codicil which refers to it. This cannot be done, without showing that the statutory requisites as to the execution of a will have been complied with, and this the petitioner is in no position to do in this case. Matter of Andrews, 43 App. Div. 401, 60 N. Y. Supp. 141; Matter of Conway, 124 N. Y. 464, 26 N. E. 1028, 11 L. R. A. 796; Matter of O'Neil, 91 N. Y. 523; Cook v. White, 43 App. Div. 393, 61 N. Y. Supp. 153, affirmed 167 N. Y. 588, 60 N. E. 1109; Matter of Carll, 38 Misc. Rep. 474, 475, 77 N. Y. Supp. 1036; Matter of Emmons, 110 App. Div. 701, 96 N. Y. Supp. 506. In Brown v. Clark, 77 N. Y. 369, Matter of Campbell, 170 N. Y. 84, 62 N. E. 1070, and Cook v. White, supra, where it was held that a legally executed codicil revived or effected a ratification or establishment of the will, there was proof of compliance with the statutory requirements as to the will itself. The codicil cannot be admitted to probate as a separate and independent testamentary paper. It displaces one of three persons named as executors in the propounded paper, and appoints another as an executor thereof in his stead, and makes no disposition of property whatever. From the nature of this change it is obvious that the operation and efficacy of the codicil are necessarily dependent upon the establishment or proof of the paper to which it relates as an effective testamentary instrument. Matter of Emmons, 110 App. Div. 704, 705, 96 N. Y. Supp. 506.

Petition dismissed. As a consequence, the motions for commission and temporary administrator must be denied.

Petition dismissed.