tion were not incorporated in the decision. Although, as between plaintiffs and the defendant Parker, we entertain no doubt as to the correctness of the conclusions arrived at by the court below, it cannot be finally determined what judgment should be entered, until it is ascertained whether the appellant Norton is entitled, in order to protect his lien, to enter a judgment in favor of the defendant Parker. It follows that, notwithstanding the correctness of the decision upon the principal question in the case, the judgment as entered must be reversed, and a new trial granted, without costs in this court.

WELCH, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 20, 1909.) Action by Mary Welch, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

WELCH, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. February 4, 1909.) Action by Mary Welch, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs.

WELLER, Appellant, v. C. W. MILLER TRANSFER CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 27, 1909.) Action by Charles O. Weller against the C. W. Miller Transfer Company. No opinion. Judgment affirmed, with costs.

In re WEST FARMS ROAD. (Supreme Court, Appellate Division, First Department. February 11, 1909.) In the matter of the West Farms Road. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 47 Misc. Rep. 216, 95 N. Y. Supp. 894.

WEIL, Respondent, v. EDELSTEIN, Appellant. (Supreme Court, Appellate Division, First Department. March 19, 1909.) Action by Jacob Weil against Bernard Edelstein. I. I. Appel, for appellant. C. De H. Brower, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

WELLER, Appellant, v. C. W. MILLER TRANSFER CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 19, 1909.) Action by Charles O. Weller against the C. W. Miller Transfer Company. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs.

In re WESTON. (Supreme Court, Appellate Division, First Department. March 19, 1909.) In the matter of Walter Weston, deceased. No opinion. Decree (60 Misc. Rep. 275, 113 N. Y. Supp. 619) affirmed, with costs. Order filed.

WETZEL, Respondent, v. LIVOTI, Appellant. (Supreme Court, Appellate Division, Second Department. March 5, 1909.) Action by Mary Wetzel against Innocenza Livoti. No opinion. Interlocutory judgment affirmed, with costs.

WHITE, Respondent, v. BLAUVELT, Appellant. (Supreme Court, Appellate Division, Second Department. March 5, 1909.) Action by William H. White against Isabel Blauvelt. No opinion. Judgment affirmed, with costs.

WHITE, Appellant, v. NEW YORK & O. RY. CO., Respondent. (Supreme Court, Appellate Division, Third Department. March 10, 1909.) Action by Silas White against the New York & Ottawa Railway Company.

PER CURIAM. Judgment and order affirmed, with costs.

SEWELL, J., dissents.

WICKSTROM v. PECK. (Supreme Court, Appellate Division, First Department. March 26, 1909.) Appeal from Special Term, New York County. Action by Augusta Wickstrom against Samuel W. Peck. From an order denying a motion to vacate an order of examination before trial, defendant appeals. Order reversed, and order for examination modified. Sol. Kohn, for appellant. Learned Hand, for respondent.

PER CURIAM. Order appealed from reversed, without costs, and order for examination of defendant before trial modified, by striking out the words: "Also concerning the defenses set up in the separate defenses contained in the answer of said defendant as to what articles of wearing apparel the defendant's wife was abundantly supplied with during the times mentioned in the pleadings herein." Also the words: "And as to any facts bearing upon or from which said station in life can be determined, as to the income and property of said defendant during said times, as a means of ascertaining what his station in life was, in order that it may be determined what articles were suitable and necessary for the use of the defendant's said wife, and also concerning all matters relative to the issues in this action." And also, all the following paragraph, which orders the defendant to produce for the purpose of such examination all accounts, books, documents, letters, papers, and writings now in his possession or under his control, to the end of the paragraph.

WILL, Respondent, v. BARNWELL, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 4, 1909.) Action by John Will against Charles P. Barnwell.

PER CURIAM. Interlocutory judgment (60 Misc. Rep. 458, 112 N. Y. Supp. 462) reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to plead over upon payment of the costs of the demurrer and