In the Matter of the Estate of JAMES F. CANFIELD, Deceased.

Surrogate's Court, Kings County, November 17, 1937.

*William H. Kinnear,* for the petitioner, Maude Canfield, widow of decedent.

*Schlesinger & Schlesinger [Walter C. B. Schlesinger* and *Victor R. Wolder* of counsel and on the brief], for the contestant, John J. Canfield, son of decedent.

WINGATE, S. Although the mere fact that a legal contention is unprecedented is insufficient warrant for branding it as unsound, the fact that it has never before been advanced tends to generate an inference either to this effect or as indication that its protagonist is an individual of acumen and discernment transcending that of his contemporaries and predecessors. Such a situation is tendered for adjudication in the application at bar which is for a dismissal of the objections which have been interposed to the probate of the alleged will of this decedent.

The instrument purports to have been executed on March 18, 1910. The petition asserts that the decedent died on February 26, 1918, three months short of two decades ago. Three objections to its probate have been interposed, *first,* that " the alleged cause of action set forth in the petition did not accrue within six years next preceding the commencement of this action;" *second,* that it did not accrue within ten years; and, *third,* that the will had been in the possession of the petitioner, who was the second wife of the decedent, for over nineteen years; that the contestant is a son of the decedent by a former marriage; that she informed him that the assets of the estate amounted only to $100, upon which statement he relied, and that it is his opinion that she did so, and delayed instituting a proceeding for probate, in the hope that evidence upon which to predicate a successful contest would be destroyed and that the contestant has been prejudiced in his rights to secure evidence to object to the probate.

The proponent now moves to strike out the answer as insufficient in law.

The argument of the contestant is predicated principally on three major premises, *first,* that section 48 of the Civil Practice Act

provides: " The following actions must be commenced within six years after the cause of action has accrued: * * * 6. An action to establish a will."

*Second,* on the wording of section 53 of the Civil Practice Act: " An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues;" and finally, on the last paragraph of section 10, which reads: " The word ' action ' contained in this article is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein or in an action."

Admittedly a proceeding for the probate of a will in a Surrogate's Court is a " special proceeding." (*Matter of Smith,* 95 N. Y. 516, 526.) With equal assurance it may be asserted that it is not " an action to establish a will " within the connotation of section 48 of the Civil Practice Act. The action to which reference is therein made is patently that contemplated in sections 200 to 206 of the Decedent Estate Law, which, while added to this law only in 1920 (Laws of 1920, chap. 919, § 1), are a continuation without material change of sections 1861 to 1867 of the Code of Civil Procedure and may be traced back, without substantial alteration, to the Revised Statutes.

The enactment which has thus existed from time immemorial relates to an action to establish a will in those cases in which probate in the usual proceeding before a surrogate is impossible.

In order that a will may be established in the Surrogate's Court it is usually required, under section 150 of the Surrogate's Court Act, that the will " must be filed and remain in the surrogate's office." This section is a substantial continuation of section 2620 of the Code of Civil Procedure, which has been interpreted to imply that except in the limited instances in which this requirement is expressly relaxed by statute, a will cannot " be admitted to probate by the surrogate without the production of the will itself." (*Matter of Law,* 80 App. Div. 73, 75; *Matter of Cameron,* 47 id. 120, 125; affd., on opinion below, 166 N. Y. 610.) In the usual case in which the will cannot be produced and in certain others contemplated by the express terms of the statute, " an action to establish the will " must be instituted in the Supreme Court. (*Anderson* v. *Anderson,* 112 N. Y. 104, 106; *Matter of Law,* 80 App. Div. 73, 77; *Bouton* v. *Fleharty,* 215 id. 180, 182; *Hutton* v. *Blackburn,* 117 Misc. 434, 437.)

Whereas, therefore, under the wording of the last paragraph of section 10 of the Civil Practice Act, the word " action " in article 2 of the act *may* be construed to mean " special proceeding " " *when necessary so to do,*" it is not here necessary, and the attributing of such connotation to it would do violence to the basic conception of a probate proceeding as hereinafter noted.

It follows that the provisions of subdivision 6 of section 48 of the Civil Practice Act are inapplicable to a proceeding in the Surrogate's Court to probate a will and that the motion to strike out first objection to probate must be granted. (*Matter of Duffy*, 127 App. Div. 174, 177.)

The invocation, in the second objection, of the provisions of section 53 of the Civil Practice Act, which provides that in the absence of other express limitation, an action must be commenced within ten years " after the cause of action accrues," demonstrates merely the misconception of the objectant regarding the nature of a proceeding for the probate of a will. By its terms, section 53 is inapplicable unless a " *cause of action* " is involved in the particular controversy in question. It is primary, however, that a " cause of action " must be composed of two elements, both of which are essential to its existence, namely, " the right of the plaintiff and the obligation, duty or wrong of the defendant; and these combined * * * constitute the cause of action." (*Veeder* v. *Baker*, 83 N. Y. 156, 160.) There can consequently be no cause of action within the proper connotation of the term until it has been demonstrated that the person against whom the alleged cause of action is claimed to exist was under some legal obligation to do or refrain from the performance of some act and that he has failed in such duty. (*Columbia Bank* v. *Equitable Life Assurance Society*, 79 App. Div. 601, 610.)

A respondent in a probate proceeding owes no legal duty or obligation to the proponent as such, wherefore it is impossible for him to violate such non-existent obligation. Furthermore, such a proceeding is not instituted for the vindication of any personal right of the proponent. The subject-matter is, therefore, wholly absent which could give rise to any " cause of action " against any respondent therein.

The primary purpose of the proceeding is not to establish the existence of the right of any living person but to determine whether or not the decedent has performed the acts specified by the pertinent statutes which are the essential prerequisites to personal direction of the mode of devolution of his property on death. There is no legal, but merely a moral, duty resting upon a proponent to attempt to validate the wishes of the departed and he may and frequently does receive no personal benefit from the performance of the act.

One of the most fundamental conceptions of probate law is that it is the duty of the court to effectuate, in so far as may be compatible with the public interest, the devolutionary wishes of a deceased person. (*Matter of Watson*, 262 N. Y. 284, 294; *Matter of Harriman*, FOLEY, S., 124 Misc. 320, 325; affd., 217 App. Div. 733; *Matter of Lensman*, HENDERSON, S., 137 Misc. 77, 78; *Matter of*

*Draske,* 160 id. 587, 593.) To that end, the court is, in effect, an additional party to every litigation affecting the disposal of the assets of the deceased. (*Matter of Van Valkenburgh,* 164 Misc. 295, 298.) A determination, therefore, that the mere non-action of a person upon whom no legal duty rested in this regard, could have the effect of subverting the wishes of one who was no longer able to protect his own unquestionable rights, would strike at the very foundation of all conceptions of justice as administered in probate courts.

The terms of section 53 of the Civil Practice Act are not necessarily nor properly construable as applicable to a proceeding for the probate of a will and in view of the manifest dictates of public policy should not be so construed unless the adoption of such a course is inescapable, which is not the case. The motion to strike out the second objection, as insufficient in law, is accordingly granted.

The third objection alone remains. Its theory is predicated on estoppel. Were any person other than the proponent potentially interested under the terms of the propounded instrument, this objection could possess no conceivable merit. She is, however, the sole legatee, and the time which has elapsed since the death of the decedent precludes the successful assertion of any claims by creditors against the assets of the estate. (*Matter of Maguire,* 161 Misc. 219, 222; affd., 251 App. Div. 337.)

In spite of this fact, the court is unconvinced that an objection of this type is substantial. On the showing of the present record, it certaintly is not. One of the indispensable elements of an estoppel is a demonstration that a material and injurious change in the position of the person asserting the bar has resulted from the act of the one against whom the estoppel is asserted. (*Lawrence* v. *Brown,* 5 N. Y. 394, 401; *Jewett* v. *Miller,* 10 id. 402, 409; *Manufacturers' & Traders Bank* v. *Hazard,* 30 id. 226, 230; *Continental Nat. Bank* v. *National Bank of the Commonwealth,* 50 id. 575, 581; *Blair* v. *Wait,* 69 id. 113, 116; *Rothschild* v. *Title Guarantee & Trust Co.,* 204 id. 458, 464; *Olin* v. *Kingsbury,* 181 App. Div. 348, 355; *Matter of Miller,* 162 Misc. 563, 568.)

The allegations of the objection do not demonstrate the existence of this essential condition since they fail to state either by express allegation or necessary implication that any evidence ever existed by the introduction of which a successful contest of the will could have been prosecuted.

The requisite demonstration of prejudice by the statement of facts and not by merely conclusory allegations (Surr. Ct. Act, § 48; *Urtz* v. *N. Y. C. & H. R. R. R. Co.,* 202 N. Y. 170, 173; *Holland* v. *Grote,* 193 id. 262, 270; *Wood* v. *Amory,* 105 id. 278,

282; *Matter of Mullin*, 143 Misc. 256, 263; *Matter of Herle*, 157 id. 352, 358) has accordingly not been made, wherefore the third objection must also be stricken out.

It follows that the motion must, in all respects, be granted, with costs.

Enter order on notice in conformity herewith.