W. Vincent Grady, ¡3.
This is a proceeding brought by Ruth Arnold Schlude Coffey, as administratrix of the goods, chattels and credits of Richard H. Arnold, deceased, pursuant to section 257 of the Surrogate’s Court Act for the judicial settlement of her account of his acts and proceedings as temporary administrator, etc., of Maria Zeigler, deceased.
The parties interested in this proceeding are the petitioner, referred to herein as the administratrix; the executor of the last will and testament of Maria Zeigler, deceased and the surety *1067 on the bond of Richard H. Arnold as temporary administrator, etc., of Maria Zeigier, deceased.
Maria Zeigier died a resident of Dutchess County in January, 1933. Her will was offered for probate in May, 1933. Objections to the probate of the will were filed in July, 1933, and the contest proceeding was referred to the Supreme Court for trial, but no trial was ever had, and in April, 1939 the contesting party died. Nothing further was done to terminate the will contest until March, 1961 when the survivor of two executors named in the Zeigier will caused a decree to be entered dismissing the objections for failure to prosecute and admitting the will to probate.
In the period from 1933 to 1961, two temporary administrators were appointed. The first of these, Harry Arnold, was appointed in May, 1935. He died in November, 1937 and his executors filed an account of his proceedings as temporary administrator. The citation issued in that proceeding named as interested parties all the persons named in the Zeigier will and Maria Zeigier’s sole heir at law.
As a part of the decree settling that account on June 13,1938, Richard H. Arnold was named successor temporary administrator and a balance of $3,453.70 was directed to be paid to him. With that amount on June 24, 1938 he opened savings account No. 30163 in the Poughkeepsie Trust Company in his name as temporary administrator of the estate of Maria Zeigier, deceased. It appears that there were no other assets except worthless securities. Richard H. Arnold filed a surety bond in the amount of $7,500, executed by the Fidelity & Deposit Company of Maryland, one of the parties to this proceeding.
It appears that Richard H. Arnold took his own life in November, 1941. It was then discovered that between July 6, 1938 and December 17, 1938 he had made withdrawals from account No. 30163 totaling $3,320.52, all of them without authorization.
On November 26, 1941 one of the executors named in the Zeigier will wrote to the surety’s claim agent in Albany advising him of a $3,180 withdrawal on December 17,1938 and stated that the persons named in the will would look to the surety for reimbursement. This letter was received by the surety on November 27,1941.
Richard H. Arnold died intestate and insolvent. An administrator was appointed, but before his duties were completed he was called into military service, and the present administratrix, Ruth Arnold Schinde Coffey, Richard H. Arnold’s daughter, was appointed to succeed him. In June, 1943, she filed an account of her proceedings as administratrix of her father’s estate, but *1068 she filed no account of Richard Arnold’s acts and proceedings as temporary administrator of the estate of Maria Zeigler. No claim was filed on behalf of the Zeigler estate, but in Schedule D of the account the estate of Maria Zeigler was listed as a creditor. The nature and extent of the obligation was not indicated except by the words “ amount unknown ”.
The citation issued in the proceeding to settle that account named merely the “ Maria Zeigler estate ”. The petition named as one of the interested parties the “ estate of Maria Zeigler c/o Archibald R. MacKennan ”, the survivor of the two named executors. Except for him, neither the citation nor the petition named either Maria Zeigler’s sole heir at law or any of the persons named in her will. Service of the citation by publication and by mailing was directed by the court, and it appears that a copy of the citation was mailed to Archibald R. MacKennan. Two of the legatees, including the present attorney for the executor, were infants. The Fidelity & Deposit Company of Maryland filed a general notice of appearance as a creditor in the proceeding brought to settle that account.
From July 30, 1943, when a decree was entered settling the account as filed, to March, 1961, no further proceedings were taken in either the Zeigler or the Arnold estates. According to the testimony, the attorney for the executor first learned of this estate when his aunt in the early part of 1961 gave him the savings account passbook for account No. 30163.
In March, 1961 proceedings were taken to terminate the contest of Maria Zeigler’s will. The will was admitted to probate and letters testamentary were issued on March 8, 1961 to Archibald R. McKennan.
The attorney for the executor testified and the administratrix confirmed that the attorney for the executor prepared the account which is now before this court and that prior to preparing the account and the petition for settlement for Mrs. Coffey’s signature, he discussed with her, among other things, the possibility of his having an adverse interest, and the advisability of her retaining her own attorney, but she authorized him to prepare the account and petition for her signature.
The surety has filed objections to the account based principally upon the Statute of Limitations (Civ. Prac. Act, § 53) and laches. It is not “ necessary” within the meaning of subdivision 2 of section 10 of the Civil Practice Act to construe the term “ action ” so as to include this kind of special proceeding (Civ. Prac. Act, §§ 4, 5). Cf. CPLR, § 103, subd. [b]; § 105, subd. [b].) A similar result has been reached with respect to a probate proceeding. (Matter of Canfield, 165 Misc. *1069 66.) Moreover, it would appear that the executor’s right to compel this accounting accrued only upon his appointment in 1961. (Matter of Maguire, 161 Misc. 219, 222, affd. 251 App. Div. 337, affd. 277 N. Y. 527.)
The objections concerning laches is based upon the claim that the “ parties interested in the estate of Maria Zeigler ” delayed an unreasonable time. Assuming that such delay by those persons would bar this accounting, the court finds no proof that the delay resulted or could result in any loss to the temporary administrator’s insolvent estate. Any damage to the surety resulted from its taking a calculated risk in not making good the loss after the default became known. The objections based upon the Statute of Limitations and laches are therefore overruled.
By motion the surety has also objected to: (1) collusion between the administratrix and the attorney for the executor, (2) fraud upon the surety, and (3) an unlawful dual interest on the part of the accountant. The proof is insufficient to sustain these objections and they are overruled. In a separate motion the surety has asked the Surrogate to disqualify himself. This motion, which is identical with an earlier motion made by the surety for the same relief and based upon the same facts, and denied by the court, is denied.
The administratrix has testified that the temporary administrator withdrew the .sums of $136.34, $4.18 and $3,180 on July 6, 1938, July 22, 1938 and December 17, 1938 respectively, a total of $3,320.52. In addition, he made two withdrawals of $47.50 each to pay the premiums on the surety’s bond. The administratrix also testified that she had no knowledge of what the money was used for or where it went. The savings account passbook for account No. 30163 shows the withdrawals mentioned.
The court finds that the late Richard H. Arnold, as temporary administrator, etc. of Maria Zeigler, deceased, owes the estate of Maria Zeigler the sum of $3,320.52 with interest at the rate of 6% from the date of the last withdrawal, December 17, 1938.