OPINION OF THE COURT
Lee L. Holzman, J.
In this probate proceeding, the proponent, one of the decedent’s daughters and the sole residuary legatee under the propounded instrument dated March 8, 1983, seeks leave to move for summary judgment more than 120 days after she filed a note of issue (CPLR 3212 [a]). In the event that the first branch of the application is granted, the proponent moves for summary judgment dismissing the objections to probate interposed by one of her sisters and admitting the will to probate. The objectant’s papers in opposition only address the proponent’s motion for summary judgment.
A CPLR 3212 (a) application for leave to move for summary judgment may only be granted “on good cause shown.” Although the proponent’s motion was not filed with the court until more than eight months after the note of issue was filed, the objectant is primarily responsible for the proponent’s delay in moving for summary judgment because the objectant requested additional disclosure after the note of issue was filed and then failed to conduct the requested deposition in a timely fashion. Specifically, after the note of issue was filed, the object-ant moved to strike it and sought further disclosure. That application was granted to the extent that the objectant was granted leave to conduct a deposition that she requested no later than approximately five months after the date the note of issue was filed. The parties thereafter extended the time to conduct the deposition for a period of approximately two more *802 months. After the objectant’s counsel cancelled an agreed-upon deposition date, the proponent’s counsel notified him that he would not agree to any further extensions without a court order. The objectant never moved for another extension to conduct the deposition and the instant application was filed approximately one week after a pretrial conference with the court.
Unquestionably, it would have been better practice for the proponent to have moved to extend her time to move for summary judgment prior to expiration of the 120-day period. However, the 120-day rule was promulgated to prevent delaying tactics on the eve of trial to the detriment of the other parties and the court’s calendar (Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 128 [2000]). Here, if any party is to be faulted for delaying tactics it is the objectant. Accordingly, under the unique circumstances presented in this case, including that it was the objectant who raised the specter of requiring additional disclosure until shortly before the instant application was made and that the proponent did not want to move for summary judgment until the objectant would not be able to rely upon the need for further disclosure as a defense to the motion, the court finds that the proponent demonstrated good cause to grant leave to move for summary judgment after the 120-day period (Gonzalez v 98 Mag Leasing Corp., supra at 129; Pena v Women’s Outreach Network, Inc., 35 AD3d 104, 108 [2006]; Certified Elec. Contr. Corp. v City of New York [Dept. of Transp.], 23 AD3d 596 [2005]; Quizhpi v Lochinvar Corp., 12 AD3d 252 [2004]).
The objectant’s opposition to the summary judgment motion is primarily based upon events that transpired since the decedent’s death on October 7, 1994 at the age of 85. The decedent’s distributees are three daughters and two sons. It appears that the sole asset of the estate is the decedent’s 25% interest in his home in the Bronx. Prior to his death, the decedent deeded a 25% interest in the house to each of his daughters. After the decedent’s death, the objectant commenced an action for partition and sale of the real property against the proponent in the Supreme Court, Bronx County. On June 28, 2005, during an examination before trial in the partition action, the proponent testified that shortly after the decedent’s death she found the propounded instrument in a box located in a safe at the decedent’s home and she gave it to the attorney-draftsman. Thereafter, on August 17, 2005, the proponent filed the propounded instrument for probate. An affirmation of delay accompanying the probate petition executed by the proponent’s *803 attorney indicates that the affiant “was advised” that for years following the decedent’s death, there were no conflicts among the decedent’s children and, therefore, there was no effort to probate the instrument; however, when such conflicts arose, it became necessary to commence the probate proceeding.
The objections to probate assert that: the decedent lacked the capacity to make the will; at the time of execution, the decedent was subject to duress and undue influence by the proponent; the proponent procured the instrument by fraud; the instrument is improperly executed; and, as the proponent defended the separate partition action and only revealed the existence of the will during her deposition in that action, the proponent is precluded by estoppel and laches from offering the instrument for probate.
In support of the summary judgment motion, the proponent relies upon the affirmation of the attorney-draftsman who served as an attesting witness, the affidavit of the second attesting witness, and the objectant’s failure to offer any admissible evidence in support of her objections. In opposition to the motion, the objectant relies upon the affirmation of her attorney and the June 28, 2005 deposition of the proponent in the partition action. The objectant contends that: the proponent is estopped from moving for summary judgment as the proper forum is in the Supreme Court, Bronx County, where the partition action is pending and scheduled for trial; the proponent never adequately explained why it took 10 years to find the propounded instrument and concealed the instrument until the partition action was commenced; the excuse offered by the proponent’s attorney in his affirmation of delay accompanying the probate petition is hearsay and, in any event, is undermined by the proponent’s deposition testimony in the partition action, to the effect that she found the instrument in a safe in the decedent’s home; and there are triable issues of fact relating to her objections.
Summary judgment motions cannot be granted unless it clearly appears that no material issues of fact exist (Phillips v Kantor & Co., 31 NY2d 307 [1972]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]). When the movant has made out a prima facie case, the burden of going forward shifts *804 to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]). Summary judgment is a drastic remedy which requires that the party opposing the motion be accorded every favorable inference and issues of credibility may not be determined on the motion but must await the trial (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439 [1968]). The papers submitted in the summary judgment application are always scrutinized in a light most favorable to the party opposing the motion (Robinson v Strong Mem. Hosp., 98 AD2d 976 [1983]).
Where, as here, the attorney-draftsman supervised the will’s execution, there is a presumption of regularity that the will was properly executed in all respects (see Matter of Cottrell, 95 NY 329 [1884]; Matter of Weinberg, 1 AD3d 523 [2003]; Matter of Coniglio, 242 AD2d 901 [1997]). As a result, and even disregarding any hearsay contained in the affirmation of delay submitted by the proponent’s attorney, the proponent established a prima facie entitlement to judgment as a matter of law by submitting the instrument, the affirmations of the drafting attorney who also supervised its execution and acted as a witness, and the affidavit of the second attesting witness, demonstrating due execution and testamentary capacity (Matter of Neuman, 14 AD3d 567 [2005]). As the objectant failed to offer any admissible proof to rebut the prima facie case on these issues, the proponent is entitled to summary judgment dismissing the objections alleging lack of testamentary capacity and that the instrument was not executed with the statutory formalities required by EPTL 3-2.1.
The objectant has the burden of proof on the objections alleging undue influence (Matter of Walther, 6 NY2d 49 [1959]) and fraud (Matter of Seelig, 13 AD3d 776, 777 [2004], lv denied 4 NY3d 707 [2005]). As the objectant failed to offer any proof on the issue of undue influence, the proponent is entitled to summary judgment dismissing this objection. Furthermore, as the objectant also failed to produce any proof establishing the classic case of fraud, to wit, that the proponent knowingly made a false statement of fact that caused the decedent to dispose of his property under his will in a different manner than he would have absent the false statement (Matter of Coniglio, supra at 901), summary judgment dismissing the objection alleging this type of fraud is also granted.
The objectant correctly notes that the deposition testimony of the proponent establishes that even though she was aware that *805 the will existed shortly after the decedent’s death, she waited for more than a decade to produce the will for probate, and that the court may not consider the hearsay statement of the proponent’s attorney as evidence explaining the reason why the will was not presented for probate at an earlier date. However, the failure to offer the instrument for probate in a more timely fashion is not, by itself, fatal to the admission of the will to probate. As a probate proceeding is not considered “an action” within the meaning of CPLR article 2, and considering that a surrogate has an obligation to carry out decedent’s testamentary wishes regardless of the actions of others, there is no statute of limitations governing the period within which a will may be offered for probate (Matter of Canfield, 165 Misc 66 [1937]; 75 NY Jur 2d, Limitation and Laches § 139; see also Matter of Cavallo, 156 Misc 2d 6, 11 [1992], mod on other grounds 198 AD2d 104 [1993]). Moreover, the proponent’s substantial delay in offering the propounded instrument for probate is not, by itself, either evidence of fraudulent intent or sufficient to invoke the doctrine of laches or estoppel (Matter of Cohen, 5 Misc 3d 869, 874 [2004]; Matter of Canfield, supra at 70-71).
The equitable doctrine of laches may not be used to bar the proponent from proceeding with this probate proceeding merely because of the lapse of time between the decedent’s death and the filing of the will for probate. In addition to lapse of time, laches is founded upon the intervention of circumstances during the lapsed time that works to the disadvantage of the party invoking the doctrine, making it unjust to allow the other party to proceed after causing the delay (Sorrentino v Mierzwa, 25 NY2d 59, 63 [1969], citing Feldman v Metropolitan Life Ins. Co., 259 App Div 123, 125 [1940]). The objectant has failed to show the existence of intervening circumstances that are prejudicial to her position in this proceeding, such as the death of a witness or the unavailability of other evidence, or that she acted differently than she would have during the lapse of time between the decedent’s death and the filing of the will for probate, sufficient to invoke the equitable doctrine of laches against the proponent.
Finally, the objectant’s reliance upon the pending Supreme Court partition action to invoke equitable estoppel or collateral estoppel is misplaced. For the court to impose the doctrine of equitable estoppel against the proponent, thereby precluding her from seeking to probate the will, the objectant must show not only that she reasonably believed that the decedent died intestate but also that she changed her position as the result of *806 this belief and, consequently, would now be prejudiced if the proponent were allowed to proceed with the probate proceeding (Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). The objectant has not shown any such change in position or prejudice. It is true that if the decedent died intestate, his 25% interest in the realty would have passed as follows: a 5% interest in the realty to the objectant and a 5% interest to each of her four siblings, including the proponent. Nevertheless, it does not appear that the objectant would have pursued a different course of action with regard to the partition action had she known that her interest in the realty was only 25% instead of 30%. Similarly, although the real property is the subject of both the probate and partition proceedings, the doctrine of collateral estoppel or issue preclusion is clearly not applicable because there is no identity of issues between the two proceedings (Jeffreys v Griffin, 1 NY3d 34 [2003]). The issue in the probate proceeding is the validity of a will, while the issue in the partition action is whether the real property should be sold.
For the reasons stated above, there is no merit to any of the objections and the proponent’s motion for summary judgment dismissing the objections and admitting the propounded instrument to probate is granted.